T. P. SMITHINSON'S ADM'R, ET AL., *v.* NANCY ULURLEN'S ADM'R.

**Sufficiency of Petition on Bond.**

> The stipulations of a bond upon which a recovery is sought must be alleged in the petition in order that the liability of the bondsmen may be determined. The breach must also be alleged.

### APPEAL FROM NELSON CIRCUIT COURT.

#### October 2, 1879.

OPINION BY JUDGE PRYOR:

It has been often decided by this court that the stipulations of the bond upon which a recovery is sought must be alleged in order that the liability of the obligators may be determined. It will not answer to say that the bond is in the usual form, or that the bond is made part of the record; the covenants must be distinctly set forth and the breach alleged. It cannot be said from the petition in this case that any covenant was entered into by which the appellants become liable on account of a devastavit.

It is alleged that the defendant McKay duly executed his bond, and that he failed to keep the covenants of his bond. What the covenants were is nowhere stated, and in the absence of such an averment the judgment by default was clearly erroneous.

The judgment is *reversed* and cause remanded that the appellee may amend, and for further procedings.

*E. E. McKay, for appellants.    J. W. Thomas, for appellee.*